# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FELICIA R. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 4:20-CV-1283-SRW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On October 2, 2020, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. No response has been received and the time for doing so has passed. Therefore, for the reasons discussed below, the Court will dismiss Plaintiff's amended complaint without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Self-represented plaintiff Felicia R. Williams commenced this civil action on September 18, 2020 against the United States of America by filing a form complaint for the United States Court of Federal Claims. ECF No. 1.  On September 21, 2020, this Court found the complaint to be defective for the reason that it was drafted using a form not designated for the United States District Court for the Eastern District of Missouri. ECF No. 4. Plaintiff was instructed to submit an amended pleading, which she submitted on September 30, 2020. ECF No. 5.

This Court reviewed Plaintiff's amended complaint on October 2, 2020.  ECF No. 6. Plaintiff's amended complaint alleges she was permanently injured from the administration of a flu shot by her primary care physician. ECF No. 5 at 4. She seeks $60,000 in damages. *Id.* The Court construed her claim to be brought pursuant to the National Vaccine Injury Compensation

Program (VICP), a federal program created to compensate people who may have been injured by certain vaccines, which requires plaintiffs to first file their action in the Court of Federal Claims. ECF No. 6 at 4 (citing 42 U.S.C. § 300aa-12(a) ("The United States Court of Federal Claims and the United States Court of Federal Claims special masters shall, in accordance with this section, have jurisdiction over proceedings to determine if a petitioner under section 300aa-11 of this title is entitled to compensation under the Program and the amount of such compensation")). The Court, therefore, directed Plaintiff to Show Cause as to why this action should not be dismissed for lack of subject matter jurisdiction. The Court cautioned Plaintiff that her failure to timely comply with the Order could result in the dismissal of his case without further notice.  Plaintiff's response was due on October 23, 2020.

To date, plaintiff has neither responded to the Court's order, nor sought additional time to do so.  Plaintiff was given meaningful notice of what was expected, she was cautioned her case would be dismissed if she failed to timely comply, and she was given ample time to comply. The Court will therefore dismiss this action, without prejudice, for lack of subject matter jurisdiction and due to Plaintiff's failure to comply with the Court's October 2, 2020 Order and her failure to prosecute her case.  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 5th day of November, 2020.

                                             E. RICHARD WEBBER
                                             UNITED STATES DISTRICT JUDGE